UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TARUS MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-1050 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# O R D E R

This matter is now before the Court on Petitioner, Tarus Moore's ("Moore"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Moore's § 2255 Motion [1] is DENIED.

## BACKGROUND

Moore entered a blind plea to a charge of possession of at least 28 grams of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) February 13, 2014, in the United States District Court for the Central District of Illinois. On July 30, 2014, he was sentenced to 168 months of imprisonment. Moore pursued a direct appeal to the Seventh Circuit. The Court of Appeals granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and dismissed the appeal on February 11, 2015. *United States v. Moore*, 593 Fed.Appx. 571, 2015 WL 545145 (7th Cir. Feb. 11, 2015).

Moore now brings this § 2255 motion, raising several claims of ineffective assistance of counsel, a claim of "actual innocence" based on "unconstitutional prior convictions," a claim that he received inadequate notice of the career offender enhancement, certain challenges to his pre-sentence report, and a claim he no longer qualifies as a career offender under *Johnson*. The Government has filed its response, and this Order follows.

**DISCUSSION**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, at 687-88; *Wyatt v. United States*, 574 F.3d 455, 458-

59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

Moore's claims all revolve around the argument that he should not have been sentenced as a career offender because he wasn't present in court when his underlying state court guilty pleas were entered. On February 13, 2014, prior to entering his guilty plea, the Government filed an information pursuant t 21 U.S.C. § 851, putting Moore on notice that it intended to seek an enhanced sentence based on the fact that he had at least one prior felony drug conviction. This resulted in his facing a sentence of 10 years' to life. Moore was specifically advised of this fact during his plea colloquy. When asked if he had discussed a potential sentencing range with Moore, Attorney Rob Alvarado responded, "Your Honor, my client will be considered a career offender under the Sentencing Guidelines, therefore, his range will be 262 to 327 months." (Change of Plea Transcript at 11) Moore indicated that he understood this and had no questions at all about the charges or possible penalties. *Id.*, at 12.

Attorney Alvarado also submitted an affidavit stating that he advised Moore that he would be a career offender from the beginning of his representation after receiving his criminal history from the pretrial services report and noting two crimes of violence and one controlled substance offense from Wisconsin state proceedings. Even before the Government's 851 information was filed, Moore was counseled that as a career offender, he would face a mandatory minimum of ten years to life and a guideline range of 262-327 if he accepted responsibility. Moore asked many questions about penalties, and Attorney Alvarado repeatedly explained that the only way to get below this mandatory

minimum was to get a 3553(e) motion from the Government, which could only be earned by providing substantial assistance and cooperation. Moore did not believe that he could provide substantial assistance, so that option was not pursued. They discussed the evidence against him and possible avenues of defense. Although Attorney Alvarado did not specifically tell Moore that the Government had filed its 851 information on the day of his guilty plea, Attorney Alvarado did not see any reason to do so given that Moore was well-aware of the fact that it was coming. Moore argues that Attorney Alvarado never alerted the Judge to the filing of the 851 information, but he did not need to, as the Court receives a copy of the filing automatically when it is filed, and it is clear from the transcript that all participants were aware that Moore would be treated as a career offender. Moore never told Attorney Alvarado that the Wisconsin convictions might be invalid because he was not present in the courtroom when the convictions were entered. The strategy was always to argue that the facts of the Wisconsin convictions do not support the harshness of the career offender penalty and therefore his prior criminal conduct was overrepresented, and to seek the mandatory minimum 10 year sentence.

Moore's qualifying convictions for career offender status included: (1) substantial battery – intend substantial harm; (2) distribution of cocaine; and (3) strangulation and suffocation. Attorney Alvarado explored the circumstances of these prior convictions in depth at sentencing, noting the relatively small quantities of drugs involved in the narcotics conviction, explaining that the battery conviction purportedly arose out of self-defense, and that the strangulation and suffocation conviction was really a domestic battery involving the mother of his children. (Sentencing Transcript at 13-20) When asked if he would like to make a statement, Moore related that he had joined an apprenticeship program to become a plumber and gotten his GED, but the recession hit, and he had to turn back to the drug world because he was desperate to get money to have surgery that could have potentially saved the sight in his left eye and had been unsuccessful at getting funding

through social security disability or borrowing it. *Id.*, at 22-23. At no point did Moore indicate that his Wisconsin state convictions were not as they had been described by Attorney Alvarado or that they had been obtained without his presence in court. His allegation that he was never given a chance to argue that his prior convictions were invalid is flatly contradicted by the record. Moore was given an opportunity to address the Court directly and could have raised this issue at that time, if not on one of the other times that he was present in court. Had he truly had a basis for believing that the convictions forming the basis for his sentence enhancement were invalid, it would only have been reasonable for him to have alerted the Court to his predicament either during the sentencing hearing.

At sentencing, Moore was indeed found to be a career offender based on his prior convictions for distribution of cocaine and substantial battery. Moore again made no mention of either of these prior convictions being potentially invalid. The Court adopted the calculations in the pre-sentence report, resulting in a total offense level of 34, criminal history category VI, and an advisory guidelines range of 363 to 237 months. Attorney Alvarado successfully implemented his sentencing strategy and persuaded that Court to vary downward because the consideration of his prior state convictions resulted in overrepresentation of his criminal history and would produce an unwarranted sentencing disparity. The Court agreed and sentenced Moore to 168 months in prison.

Moore now claims that his career offender enhancement was erroneous, because his Wisconsin state convictions for substantial battery and distribution of cocaine are invalid, as he was not present for the guilty plea. The record indicates that Moore pled guilty or no contest to the substantial battery charge and drug trafficking offense on August 26, 2002. Contrary to his current allegations that he was not present for the pleas, the Plea Questionnaire/Waiver of Rights form from both of these cases is dated August 26, 2002 and signed by "Tarus Moore" with a signature that is virtually identical to the signature on his § 2255 Motion. (Government's Appendix at 56 and 69)

Therefore, if he contends that the signatures were forged on the state court documents, then his § 2255 Motion must also have been forged and would not be properly before the Court. The record further contains official court minutes confirming his presence, as well as that of his attorney, the prosecutor, the judge, the court reporter, and clerk of court, as well as that "Defendant" entered a guilty plea and was advised of his rights. The minute forms clearly contain boxes to indicate whether the pleas were entered by the Defendant or counsel, and both minutes clearly indicate that the Defendant himself entered the guilty pleas. *Id.*, at 57 and 71. In this respect, the Seventh Circuit has held that courts must:

> [A]ccord a " 'strong presumption' of constitutional validity [to] state judicial proceedings." *United States v. Ferguson*, 935 F.2d 862, 867 (7th Cir.1991), cert. denied, 502 U.S. 1045, 112 S.Ct. 907, 116 L.Ed.2d 807 (1992) (citation omitted). The presumption applies even in the absence of a transcript. *Id.* A defendant bears the burden of proving that the prior conviction was infected by constitutional error. *United States v. Banks*, 964 F.2d 687, 693 (7th Cir.), cert. denied, 506 U.S. 976, 113 S.Ct. 470, 121 L.Ed.2d 377 (1992); *United States v. Boyer*, 931 F.2d 1201, 1204 (7th Cir.), cert. denied, 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991); *United States v. Gallman*, 907 F.2d 639, 643 (7th Cir.1990), cert. denied, 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991); *United States v. Brown*, 899 F.2d 677, 680 (7th Cir.1990). In the face of legal presumptions, ambiguities must be construed against the party carrying the burden of proof. *Cf. Pennsylvania R.R. v. Chamberlain*, 288 U.S. 333, 339, 53 S.Ct. 391, 393, 77 L.Ed. 819 (1933) (when evidence supports two inconsistent inferences, "judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences ..."). "[A] defendant can overcome the government's proof of a conviction, but only if he musters evidence of that conviction's unconstitutionality." *Gallman*, 907 F.2d at 643.

*Cuppett v. Duckworth*, 8 F.3d 1132, 1136-37 (7th Cir. 1993). Moore's claim necessarily fails as it is rebutted by certified state court records, and he has failed to overcome the strong presumption of constitutional validity of the state court proceedings.

However, even assuming *arguendo* that he had made a sufficient showing, the law does not permit a collateral attack on the validity of a prior state court sentence in a federal sentencing unless

the conviction was obtained by the denial of a right to counsel for an indigent defendant in violation of the Sixth Amendment. *Custis v. United States*, 511 U.S. 485, 487 (1994). As a result, Attorney Alvarado could not have made the argument now put forward by Moore at his sentencing, and therefore, cannot have been ineffective for failing to do so. Moreover, the bar against attacking prior state court convictions has been extended to § 2255 proceedings, as well. *Ryan v. United States*, 214 F.3d 877, 877-78 (7th Cir. 2000).

The record reveals that contrary to Moore's self-serving assertions, Attorney Alvarado obtained an incredibly favorable result for him. Rather than serving 262 to 327 months under the guidelines, Moore's 168 month sentence was only 4 years more than the mandatory minimum sentence of 120 months. Had Attorney Alvarado done any of the things now groused about by Moore, he would not have obtained any better result than a sentence that was 94-159 months below the guideline range on the facts of this case. Moore has therefore failed to demonstrate either that counsel's performance fell below the standard required by the Sixth Amendment or that he suffered actual prejudice as a result. His allegations of ineffective assistance of counsel are therefore unavailing, as are his related claims regarding the PSR, turnover of *Brady* materials, failure to establish his prior convictions beyond a reasonable doubt, and notice of the career offender enhancement, all of which evolve from the same, flawed premise.[1]

Moore subsequently amended his claim to add a claim challenging his career offender status under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Moore claims that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as a career offender based on a substantial battery conviction that no longer qualifies as a crime of violence under residual clause

---

[1] To the extent that Moore intended any of these allegations to be a stand alone claim rather than another permutation of his ineffective assistance claim, he has procedurally defaulted them by failing to raise them on direct appeal and has failed to overcome his default by establishing cause and prejudice.

of the career offender guideline, U.S.S.G. 4B1.2(a)(2). On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Moore's Motion seeks to invoke *Johnson* and the subsequent Seventh Circuit decision in *United States v. Hurlburt*, ___ F.3d ___, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), claiming that his prior conviction for substantial battery fell within the residual clause of the definition of "crime of violence" under the career offender guideline. While *Johnson* only invalidated the residual clause of the ACCA, this holding was extended to the substantively similar language of the career offender guideline in *Hurlburt*, where the Seventh Circuit held that the residual clause in 4B1.2(a)(2) is unconstitutionally vague. 2016 WL 4506717, at *7. However, the Seventh Circuit stopped short of finding that this holding can be extended to cases challenging career offender status on collateral review. This issue is pending before the Supreme Court in *Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016). Unless and until the Supreme Court extends the finding that the residual clause of § 4B1.2 is retroactive to cases on collateral review, Moore's challenge in this respect is premature.

Therefore, Petitioner is not entitled to relief at this time. His motion is denied as to his ineffective assistance of counsel and related claims and dismissed without prejudice to refiling his *Johnson* claim if and when relief is made retroactive on collateral review to afford *Johnson*-like relief to defendants sentenced as career offenders.

**CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2).  The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

Here, no reasonable jurist could conclude that Moore's claims were not either barred from consideration, devoid of factual support, or previously rejected on appeal.  Accordingly, this Court will not issue him a certificate of appealability.

**CONCLUSION**

For the reasons set forth herein, Moore's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED, and any other pending motions are MOOT.  This matter is now terminated.

ENTERED this 8th day of December, 2016.

s/ James E. Shadid  
James E. Shadid  
United States District Judge